# EXHIBIT "A"

DISTRICT COURT OF THE COUNTY OF SUFFOLK
RONKONKOMA: FIRST DISTRICT COURT

CV-010241-21/CE

SHERRY FISCHER,

                Plaintiff,

v.

PROFESSIONAL CLAIMS BUREAU, INC.,

                Defendant.

Index No:

**SUMMONS**

Plaintiff's Residence Address:
19 Evy Court
Sayville, New York 11782

The basis of venue designated is:
UDCA § 301(a)

To the Person(s) Named as Defendant(s) Above:

YOU ARE HEREBY SUMMONED and required to appear in the District Court of the COUNTY OF SUFFOLK, First District, at the office of the Clerk of the said Court at 3105 Veterans Memorial Highway, Ronkonkoma, in the County of Suffolk, State of New York, by serving an answer to the annexed complaint upon plaintiff's attorney, at the address stated below, or if there is no attorney, upon the plaintiff, at the address stated above, within the time provided by law as noted below; upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: November 1, 2021

Defendant's Address:
Professional Claims Bureau, Inc.
439 Oak St.
Garden City, New York 11530

_____
David M. Barshay, Esquire
BARSHAY, RIZZO & LOPEZ, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Our File No.: BRL21237
*Attorneys for Plaintiff*

NOTE: The law or rules of court provide that:

(a) if this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the County of Suffolk you must answer within 20 days after such service; or (b) if this summons is served otherwise than as designated in subdivision (a) above, you are allowed 30 days to answer after the proof of service is filed with the Clerk of this Court. (c) You are required to file a copy of your answer together with proof of service with the clerk of the district in which the action is brought within 10 days of the service of the answer.



DISTRICT COURT OF THE COUNTY OF SUFFOLK
RONKONKOMA: FIRST DISTRICT COURT

SHERRY FISCHER,

                Plaintiff,

v.

PROFESSIONAL CLAIMS BUREAU, INC.,

                Defendant.

Index No:

**COMPLAINT**

Plaintiff Sherry Fischer, by and through the undersigned counsel, complains, states, and alleges against defendant Professional Claims Bureau, Inc. as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and New York General Business Law § 349 ("GBL 349").

## THE FDCPA

2. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

4. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85,

1

91 (2d Cir. 2008).

5. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

7. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90. "The juxtaposition of two inconsistent statements" in a communication violates the FDCPA. *Russell*, 74 F.3d at 34.

8. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt

collector. *Id.* at 62.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over defendant Professional Claims Bureau, Inc. ("Defendant") because Defendant regularly transacts business within this District, derives substantial revenue from services rendered in this District, has committed tortious acts within this District and has caused injury to persons within this District as described herein.

10. Venue is proper pursuant to UDCA § 301(a) because Plaintiff resides in this District.

## PARTIES

11. Plaintiff Sherry Fischer ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

12. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

13. Defendant Professional Claims Bureau, Inc. ("Defendant") is a company existing under the laws of the State of New York, with its principal place of business in Garden City, New York.

14. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

15. Defendant regularly collects or attempts to collect debts asserted to be owed to others by residents in this District.

16. Defendant regularly collects or attempts to collect debts asserted to be owed to others by New Yorkers.

17. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed

by consumers in this District.

19. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by New York consumers.

20. The principal purpose of Defendant's business is the collection of such debts.

21. The principal purpose of Defendant's business in this District is the collection of such debts.

22. The principal purpose of Defendant's business in New York is the collection of such debts.

23. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

24. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business in this District.

25. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business in New York.

26. Defendant derives substantial revenue from its debt collection services rendered in New York.

27. Defendant has committed tortious acts within New York that have caused injury to consumers in this District.

28. Defendant has committed tortious acts within New York that have caused injury to New Yorkers.

29. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

30. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope

of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

31. On or about December 19, 2019, Plaintiff received medical services from North Shore-LIJ Medical Group.

32. At the time of receipt of the medical services, Plaintiff had health insurance under Preferred Provider Organization ("PPO") through Empire Blue Cross and Blue Shield.

33. At the time of the receipt of the medical services, Plaintiff provided the insurance information to the medical facility.

34. Upon information and belief, Plaintiff also documented the insurance details in the intake papers at the medical facility.

35. The medical facility nevertheless billed Plaintiff $172.25 ("the alleged Debt").

36. New York State law forbids the billing of any unpaid balance directly to a patient who is covered by a PPO.

37. The alleged Debt represents such unlawful billing.

38. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

39. Despite this, at an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

40. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

41. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

42. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor.

43. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged Debt concerned medical treatment, among other things.

44. Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

45. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

46. That correspondence, dated December 15, 2020, was received and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1**.")

47. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

48. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

### FIRST CAUSE OF ACTION
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

49. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

51. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

6

52. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

53. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

54. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

55. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

56. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

57. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

58. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff that results from Defendant's unauthorized disclosure of such private and sensitive information.

59. Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

60. Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

61. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

62. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

7

63. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

64. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

65. Defendant violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

66. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

### SECOND CAUSE OF ACTION
### Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2)

67. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

68. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

69. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

70. To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

71. A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

72. As set forth in paragraphs 31 through 37 of this Complaint, Plaintiff did not owe the alleged Debt.

8

73. As such, Defendant did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

74. In sum, Defendant's statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

75. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g and 1692g(a)(1) and is liable to Plaintiff therefor.

### THIRD CAUSE OF ACTION
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

76. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

77. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

78. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

79. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

80. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

81. As set forth in paragraphs 31 through 37 of this Complaint, Plaintiff did not owe the alleged Debt.

82. As such, Defendant's allegation that Plaintiff owed the alleged Debt is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

83. Defendant's allegation that Plaintiff owed the alleged Debt is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

84. Defendant's allegation that Plaintiff owed the alleged Debt is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

85. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

### FOURTH CAUSE OF ACTION
### Violation of New York General Business Law § 349

86. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

87. Defendant owed a duty to Plaintiff to perform its attempted collection of Plaintiff's alleged Debt with reasonable care.

88. Defendant's deception as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged Debt.

89. Defendant breached its duty to collect Plaintiff's alleged Debt with reasonable care.

90. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of GBL 349.

91. Defendant's conduct was consumer-orientated in that its actions were made to collect an alleged consumer Debt.

92. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has acted similarly to other consumers.

93. Plaintiff is a reasonable consumer.

94. Defendant's conduct would mislead a reasonable consumer.

95. Defendant engaged in material deceptive acts and practices as described herein.

96. Defendant's conduct caused Plaintiff to suffer injury.

97. For the foregoing reasons, Defendant violated GBL 349 and is liable to Plaintiff therefor.

### JURY DEMAND

98. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment be entered as follows:

a. Awarding damages to Plaintiff pursuant to the FDCPA and GBL 349 in an amount to be determined at trial up to the jurisdictional limits of this Court but not less than $6,500.00; and

b. Awarding Plaintiff's attorneys' fees pursuant to those statutes, calculated on a "lodestar" basis; and

c. Awarding the costs of this action to Plaintiff; and

d. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

e. Such other and further relief that the Court determines is just and proper up to the jurisdictional limits of the Court.

DATED: November 1, 2021

BARSHAY, RIZZO & LOPEZ, PLLC

By: David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21237
*Attorneys for Plaintiff*



| | | |
|---|---|---|
| Balance Due: | ~~$472.25~~ | Creditor: NORTH SHORE-LIJ MEDICAL GROUP |
| PCB # | ▓▓▓▓▓▓97 | Provider: SOVIERO MD, VANESSA M |
| Client Acct # | 78457639 | Patient Name: SHERRY FISCHER |
| | | Service Date: 12/19/19 |

## PROFESSIONAL CLAIMS BUREAU, INC.
NYC Dept of Consumer Affairs License #0811196
*"Se Habla Espanol"*

Phone: 516-681-1122 or 914-668-1222
Fax: 516-681-1265
Office Hours: Mon - Fri 8:30am - 5pm

E-Mail: info@pcbinc.org

Pay Online 24/7/365
www.paypcb.com



### IMPORTANT ACCOUNT INFORMATION

The above referenced account has been referred to our offices for collection by the creditor listed above.

Our professional account representatives are available to help you resolve this situation in a way that is acceptable to both you and our client.

The balance due may represent a balance after insurance or a balance that your insurance carrier has denied for some reason.

For your convenience you may access our website (24 hrs/7 days) to pay your bill by check or credit card.
www.paypcb.com

Additionally, feel free to mail your check, money order or credit card information along with the payment stub below.
*Whatever you do, please do not choose to ignore this outstanding debt.*

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.



Professional Claims Bureau, Inc.
*"Debt Collectors Since 1964"*

---

To ensure proper credit to your account, detach this section and return with your payment. Please keep above portion for your records.   656561B (PC2)

| | | |
|---|---|---|
| Account #: ▓▓▓▓▓39 | Statement Date: 12/15/2020 | |
| Patient Name: SHERRY FISCHER | Balance Due: | $172.25 |
| We accept: | Amount Paid | |
| card number | | expiration date |
| signature | | cvv code |


PO Box 9060
Hicksville, NY 11802-9060
RETURN SERVICE REQUESTED

  

☐ Please check box if address below is incorrect or insurance information has changed, and indicate change(s) on reverse side.

print name

☐ Health/Flex Spending Account

006064
0101

SHERRY FISCHER
PO BOX 11
LAKE GROVE, NY 11755-0011

PROFESSIONAL CLAIMS BUREAU, INC.
PO BOX 9060
HICKSVILLE, NY 11802-9060

541

Index No:
DISTRICT COURT OF THE COUNTY OF SUFFOLK
RONKONKOMA: FIRST DISTRICT COURT

SHERRY FISCHER,

                              Plaintiff,

    -against-

PROFESSIONAL CLAIMS BUREAU, INC.,

                              Defendant.

## SUMMONS AND COMPLAINT

BARSHAY, RIZZO & LOPEZ, PLLC
*Attorneys for Plaintiff*
*445 Broadhollow Road | Suite CL18*
*Melville, New York 11747*
*Tel: (631) 210-7272*

I hereby certify pursuant to 22 NYCRR § 130-1.1-a that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers listed below or the contentions therein are not frivolous as defined in 22 NYCRR § 130-1.1(c):

                                              David M. Barshay, Esquire

Dated: November 1, 2021

Service of the within _____ is hereby admitted.

                                            Dated: _____, 20___

Attorneys for _____